UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

MYRON PARSONS,                    )
                                 )
          Plaintiff,             )          Civil No. 17-62-HRW
                                 )
V.                               )
                                 )
KATHY LITTERAL, et al.,          )          **MEMORANDUM OPINION**
                                 )                **AND ORDER**
          Defendants.            )

&ast;&ast;&ast;   &ast;&ast;&ast;   &ast;&ast;&ast;   &ast;&ast;&ast;

Myron Parsons is a prisoner incarcerated at the Eastern Kentucky Correctional

Facility in West Liberty, Kentucky. On February 13, 2016, Parson's father,

daughter, brother, and sister came to visit him at the prison, having traveled all the

way from Minnesota, Chicago, Michigan, and Massachusetts to see him. Because

of the time and expense they had incurred to get to Kentucky, Parsons had previously

obtained permission from the prison to have them stay for a five-hour "extended"

visit, much longer than that usually permitted by prison rules. [D. E. No. 1 at 2-3;

No. 1-1 at 12-14]

However, after the two hours permitted for "special" visits, correctional

officer Prater told Parsons and his family that their time was up, and his visitors

would have to leave the prison. Parsons protested, and told Officer Prater that he

had been approved for an "extended" visit, and tried to show Prater paperwork

1

confirming that fact, but to no avail. After Parsons' family members had left the visiting room, Prater did check and found the approval paperwork, but it was too late: Parsons' family had left the area. [D. E. No. 1-1 at 3]

Parsons filed inmate grievances and appeals, beginning on February 18, 2016 and concluding on April 27, 2016. At each step of administrative review, Kentucky Department of Corrections ("KDOC") personnel readily acknowledged the error, but could only offer him another chance for an extended visit with his family. [D. E. No. 1 at 5; No. 1-1 at 1-9] Unsatisfied, Parsons filed a claim with the Kentucky Board of Claims. KDOC again acknowledged that Officer Prater's actions were negligent, but on December 1, 2016, the Board denied compensation, concluding that Parsons' mental distress was not compensable and that only his family incurred compensable "costs" under Ky. Rev. Stat. 44.070. [D. E. No. 1-1 at 12-16]

In his complaint, Parsons contends that the actions of defendants Warden Kathy Litteral, Officer Prater, and EKCC violated his rights under the Ninth Amendment. He seeks recompense for the costs incurred by his family for their truncated visit, as well as to be moved to a closer prison to which travel will be more affordable. [D. E. No. 1 at 4, 8]

The Court must conduct a preliminary review of Parsons' complaint because he has been granted permission to proceed in forma pauperis and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district

2

court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Parsons' complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

The events described in Parsons' complaint are regrettable, and his frustration with the responsible officer is understandable. But his claims are subject to dismissal on both factual and legal grounds, and the Court must dismiss his complaint.

First, of the three defendants he has named in his complaint, only officer Prater may be sued. EKCC is just a building, not an independent legal entity. Even if the Court were to construe this claim as being asserted against KDOC, the state agency which operates the prison, that claim would be barred by the Eleventh Amendment. The Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *Cady v. Arenac Co.*, 574 F.3d 334, 342 (6th Cir. 2009); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). In

3

addition, state agencies are not considered "persons" within the meaning of 42 U.S.C. § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Parsons may therefore not sue either EKCC or KDOC for damages in this Court.

For her part, Warden Litteral may not be sued because she was not in any way personally involved in the conduct about which Parsons complains. In order to state a viable claim against a given defendant in a civil rights action, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). The requirement of personal involvement does not mean that the particular defendant actually committed the conduct complained of, but it does require a supervisory official to have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Hays v. Jefferson County, Kentucky*, 668 F.2d 869, 874 (6th Cir. 1982). The mere fact of supervisory capacity is not enough: respondeat superior is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Here, at most the warden responded to Parsons' inmate grievance on the subject, a response which acknowledged the officer's error. That conduct is no basis for liability. *Alder v. Corr. Medical Services*, 73 F. App'x. 839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension."). Nor is she subject to liability for a subordinate's negligent, or even

intentional, failure to abide by the prison's regulations. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

That leaves only a claim against Officer Prater. But regardless of whom the claim is asserted against, it would fail as a matter of law for three reasons.

First, the claim is time barred. Parsons's claims accrued on February 13, 2016, the day his family was improperly directed to leave the visiting room before the time for his extended visit was up. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). Because the remedy afforded in a civil rights action is entirely judge-made, there is no statutory limitations period. Instead, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The events about which Parsons now complains occurred in Kentucky; therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).

Ordinarily, that would have required Parsons to file suit by February 13, 2017. But federal law requires inmates to exhaust their administrative remedies before

5

filing suit, 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 205-07 (2007), so the limitations period is extended while he does so, as long as such remedies are pursued diligently and in good faith. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Parsons filed a grievance within days after his visit was cut short, and finished exhausting his remedies when KDOC Commissioner Ballard denied his last appeal on April 27, 2016. [D. E. No. 1-1 at 9] At the latest, Parson's complaint was therefore required to be filed by April 27, 2017. But it was not received in this Court until June 5, 2017, and is therefore untimely.

The Court has considered whether Parson's complaint can be saved by the "prison mailbox rule," but concludes that it cannot. Under that rule, a *pro se* prisoner's complaint is deemed filed when it is handed to a prison official for mailing to the court. *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (extending the rule of *Houston v. Lack*, 487 U.S. 266 (1988) to civil matters). Ordinarily, the Court presumes that this occurs on the date the complaint is signed. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Parsons signed his complaint on March 8, 2017 [D. E. No. 1 at 8], before the running of the limitations period, but a full two months before it was received by the Court. But there is proof in the record that the delay in mailing after that date was not caused by prison officials. Specifically, Parsons signed his motion to proceed in forma pauperis nearly a month later, on April 26, 2017. [D. E. No. 2 at 1] And it was not mailed to the Court until May 30, 2017. [D.

6

E. No. 1-3 at 1] Because Parsons did not mail his complaint for filing until after the statute of limitations had run, his claims are time-barred and must be dismissed. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Even if his complaint had been timely filed, it fails to state a claim for violation of his constitutional rights. The Ninth Amendment, upon which Parsons relies exclusively as the source of his substantive claim, states only that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." This is merely an interpretive rule; it does not convey substantive rights. *Charles v. Brown*, 495 F. Supp. 862, 863 (N.D. Ala. 1980) ("The Ninth Amendment does not specify any rights of the people, rather it serves as a savings clause to keep from lowering, degrading or rejecting any rights which are not specifically mentioned in the document itself.") Accordingly, it cannot form the basis for a civil rights action under Section 1983. *Strandberg v. City of Helena*, 791 F. 3d 744, 748 (9th Cir. 1986) ("The ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim … The Supreme Court has repeatedly voiced concern that a section 1983 claim be based on a specific constitutional guarantee.") Even liberally construing Parsons' pro se complaint to assert a claim that he did not actually press – a claim under the broad rubric of "due process" - a due process claim cannot be based upon mere negligence. *Daniels v. Williams*, 474 U.S. 327, 328

(1986) ("the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property.")

Finally, Parson's complaint does not set forth an allegation of injury that is compensable in this proceeding. While Parson seeks, as he did before the Kentucky Board of Claims, compensation for the costs of airfare, motels and food incurred during his family's visit, those expenses were incurred by his family, not Parsons, and he lacks standing to seek their recovery. And while Parsons doubtless suffered frustration as a result of their improperly-shortened visit, he suffered no physical injury as a result of the conduct about which he complains, precluding recovery. 42 U.S.C. § 1997e(e).

For all of these reasons, the Court must dismiss Parsons' complaint.

Accordingly, **IT IS ORDERED** that:

1.      Myron Parsons' complaint [D. E. No. 1] is **DISMISSED WITH PREJUDICE**.

2.      The Court will enter an appropriate judgment.

3.      This matter is **STRICKEN** from the active docket.

This 15th day of June, 2017.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge

8